UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

Toney Nelson Leon,

    Plaintiff,

vs.                                  Case No. 2:06-cv-102-FtM-29DNF

District Attorney's Office,

    Defendant.
_____

**ORDER OF DISMISSAL WITHOUT PREJUDICE**

This matter comes before the Court upon initial review of the file. Plaintiff, an inmate currently incarcerated in the federal penitentiary located in Estill, South Carolina, proceeding *pro se*, filed a civil rights complaint form pursuant to the "Bivens act[1]" on February 21, 2006 (Doc. #1). Plaintiff requests to proceed *in forma pauperis* in this action (Doc. #2).

**I.**

This cause is before the Court on Plaintiff's *Bivens* complaint filed against the District Attorney's Office[2] in Ft. Myers, Florida. Plaintiff alleges that his 14th amendment due process rights were violated when the United States Attorney's Office presented a

---

[1] The Court liberally construes plaintiff's complaint to be pursuant to Bivens v. Six Unknown Named Agents fo the Federal Bureau of Narcotics, 403 U.S. 388 (1971). Although a Bivens action cannot be brought against a federal agency, FDIC v. Meyer, 510 U.S. 471(1994),the Court will assume this pleading defect could be corrected by naming individuals in the U.S. Attorney's Office.

[2] The Court liberally construes the Complaint to be against the U.S. Attorney's office, which prosecuted the criminal action Plaintiff now challenges. See Case No. 2:98-cr-2-FTM-29DNF.

defective search warrant to the court. Plaintiff alleges that the search warrant had no case number, there was no record of issuance in the State records, there was no record for the affidavit, no date of issuance on the face of the search warrant, and it was not signed before a judge. (Doc. #1, Section VI, p. 8). Plaintiff asserts that a Drug Enforcement Administration task force entered and searched his home, and he was placed under arrest for contraband purportedly found in the home. Plaintiff was then indicted by a federal grand jury on the evidence found in the home. Plaintiff plead guilty to the evidence found in his home, but later contacted the state court in Collier County and the Clerk of Court gave plaintiff a statement that it had no record of such an affidavit or search warrant or the issuance of such a search warrant. (Doc. #1, Section VII, p. 8-9). As relief, Plaintiff seeks to have this Court "obtain [the] search warrant for validity testing" to determine its "authenticity," "proof of issuance," and answer various questions with respect to the warrant, including: (1) why there is no case number or affidavit for the warrant; (2) why there is not record of the warrant or affidavit; and (3) why there is no date of issuance or signature for the warrant. (Id. Section VIII, page 10).

The Court takes judicial information of the following from the court file in plaintiff's criminal prosecution: On January 13, 1998, Toney Nelson Leon (Leon) was charged in an Indictment filed in the Middle District of Florida, Fort Myers Division, with four counts of possession with intent to distribute cocaine. (Doc. #10). On April

2, 1998, Leon plead guilty to Count Four of the Indictment pursuant to a Plea Agreement. (Docs. #22, 25). On February 3, 1999, Leon was sentenced to 140 months imprisonment, followed by 48 months supervised release. (Doc. #33, 34). Leon filed a Notice of Appeal (Doc. #38) on April 10, 2000, stating "Petitioner contends that his conviction was obtained, as the result of an illegally obtained search warrant, . . ." This appeal was dismissed for lack of jurisdiction by the Eleventh Circuit Court of Appeals on August 30, 2000. (Doc. #42).

On September 26, 2002, Leon filed a motion pursuant to 28 U.S.C. § 2255 (Doc. #43). See also Case No. 2:02-cv-463-FTM-27DNF. The § 2255 Motion asserted that Leon's attorney was ineffective for failing to investigate the validity of a search warrant purportedly issued by a state court judge in Collier County, Florida. In particular, Leon asserted (1) that there may not have been an affidavit in support of the search warrant submitted to Judge Jack E. Lundy; and, (2) that Judge Lundy's signature on the search warrant may not be legitimate because he was not a Collier County judge at the time he purportedly signed the search warrant. (Doc. #43, p. 4). On June 17, 2003, the district court dismissed the petition as untimely (Doc. #50). The district court noted, however, "that the government has filed a copy of the Search Warrant and the Affidavit for Search Warrant (Doc. #47, Exhibit B) containing Judge Lundy's signature as a judge in and for Collier County, Florida on December 12, 1997, and a copy of an Order (Doc. #47, Exhibit A) by the Chief Judge of the Twentieth Judicial Circuit in and for Collier County, Florida appointing Judge Lundy as

an acting county court judge in Collier County from October 1 through December 31, 1997." (Doc. #50, p.4 n.1). The district court denied a certificate of appealability (Doc. #53), as did the Eleventh Circuit Court of Appeals (Doc. #60).

On June 22, 2005, Leon filed a Motion to Correct Clerical Mistake Under Federal Rules of Criminal Procedure Rule 36 (Doc. #61) asserting that the search warrant was facially invalid. On June 27, 2005, the district court entered an Order (Doc. #62) denying this motion. Leon appealed, and the Eleventh Circuit found the appeal frivolous (Doc. #67) and ultimately dismissed the appeal on November 15, 2005 (Doc. #68).

A claim challenging unlawful conduct leading to an unconstitutional conviction cannot proceed unless the plaintiff shows that the challenged conviction was reversed, expunged or otherwise invalidated. Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). The Heck rule applies to Bivens actions. Abella v. Rubino, 63 F.3d 1063, 1065 (11th Cir. 1995). It is clear that judgment in favor of Leon in this case would necessarily imply the invalidity of his conviction, and that Leon is simply improperly attempting to use this purported Bivens suit as another collateral challenge to his federal conviction. Accordingly, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) the Court finds the Complaint is frivolous and pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) finds that the Complaint fails to state a claim upon which relief may be granted.

ACCORDINGLY, it is now

**ORDERED:**

1.   Plaintiff's Complaint is **DISMISSED** WITHOUT PREJUDICE as frivolous and for failure to state a claim upon which the Court can grant relief.

2.  Petitioner's Motion to Proceed <u>In Forma Pauperis</u> (Doc. #2) is **DENIED**.

3.   The **Clerk of Court** shall terminate all pending motions in this case, shall enter judgment accordingly, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida, on this   28th   day of February, 2006.

                                        JOHN E. STEELE
                                        United States District Judge

SA:   hmk

Copies: All Parties of Record